IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BIKEE CORPORATION, an Oregon
corporation,

       Plaintiff,

   v.

GIANT MANUFACTURING COMPANY,
Ltd., a Taiwan corporation,

       Defendant.

Civ. No. 04-6358-AA
(~~05-6244-AA~~)

OPINION AND ORDER

James G. Nelson
Nelson & MacNeil, P.C.
P.O. Box 946
Albany, OR 97321
    Attorney for plaintiff

J. Richard Urrutia
Marc M. Carlton
Williams Kastner & Gibbs PLLC
600 Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR 97204
    Attorneys for defendants

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit alleging breach of the covenant of good faith and fair dealing, fraud, intentional interference with prospective business relations, attorney fees, and several breach of warranty claims. Defendant moves to dismiss or make more definite and certain several of plaintiff's claims. Defendant's motion is granted.

## FACTS

The following facts are taken from plaintiff's amended complaint. Plaintiff is an Oregon corporation engaged in the design, manufacture and sale of semi-recumbent bicycles. Defendant is a Taiwan corporation in the business of manufacturing and selling bicycles.

From 1998 until October 2002, plaintiff and defendant had an oral agreement under which defendant would manufacture and plaintiff would purchase bicycles and bicycle parts. Plaintiff alleges that there was an express understanding between the parties that defendant would not compete directly with plaintiff so long as plaintiff utilized defendant's products to manufacture its recumbent bicycles.

During the course of their oral agreement, defendant became knowledgeable about the design and technical characteristics of plaintiff's products. Further, plaintiff alleges that defendant expressed an interest in purchasing a controlling interest in

2 - OPINION AND ORDER

plaintiff. Plaintiff thus allowed defendant's representatives to examine confidential financial documents through which defendant gained access to plaintiff's customer list, trade secrets and future sales projections.

In late 2001, defendant requested that the oral agreement between the parties be reduced to a written contract, and in early 2002, plaintiff signed a Supplier Agreement prepared by defendant. According to plaintiff, prior to entering into the Supplier Agreement, defendant has devised a plan to manufacture a semi-recumbent bicycle similar to plaintiff's in design, size, and style, "with the intent to seize plaintiff's 40% share of the worldwide market for semi-recumbent bicycles and put BikeE out of business." Amended Complaint, ¶ 9. Plaintiff was not aware of defendant's intentions and relied upon defendant's prior assurances that it would not compete with plaintiff.

In July 2002, defendant declared default under the Supplier Agreement due to plaintiff's late payments, and defendant discontinued manufacturing parts for plaintiff. Plaintiff alleges that under their oral agreement, defendant always accepted plaintiff's late payments and never refused to manufacture parts for plaintiff.

Within two months of its declaration of default, defendant began soliciting orders from retailers for a semi-recumbent bicycle. Defendant's bicycle, called "Revive" is similar to

3 - OPINION AND ORDER

plaintiff's model in style, weight and design. Plaintiff claims that it did not learn of defendant's "secret plan" to compete with plaintiff until early 2004.

On October 14, 2004, plaintiff filed this action, and on February 11, 2005, plaintiff filed an amended complaint.

On September 14, 2005, defendant filed motion to dismiss plaintiff's claims for breach of the covenant of good faith and fair dealing, intentional interference with business relations, and for attorney fees for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] Additionally, defendant moves pursuant to Rule 12(e) for an order requiring plaintiff to make definite and more certain its claim for fraud.

To date, plaintiff has not responded to this motion. Instead, the court recently received plaintiff's response to defendant's motion for sanctions for failure to comply with discovery requests. There, plaintiff asserts that it intends to dismiss its claims for breach of the covenant of good faith and fair dealing, fraud, and intentional interference with business relations. Notice to the court of this intention in the form of a responsive memorandum would have been preferred. Given that the court has not received

---

[1] The court is unclear as to the reason for the length of time between the filing of the amended complaint and defendant's motion. No return of summons is reflected on the docket sheet, and it is unclear when defendant was served. Regardless, no party raises this issue, and the court does not discuss it further.

a response from plaintiff or a stipulated notice of dismissal, the court proceeds accordingly.

## STANDARD

Dismissal for failure to state a claim under Rule 12(b)(6) is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Lee v. County of Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001).

Under Rule 12(e), the court may require a party to make a more definite statement, if a claim is "so vague or ambiguous that a party cannot reasonably by required to frame a responsive pleading."

## DISCUSSION

### 1. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff alleges that defendant breached its duty of good faith and fair dealing by competing with plaintiff in violation of their oral agreement to the contrary. Amended Complaint, p. 4. Defendant argues that this claim fails as a matter of law, because the written Supplier Agreement does not contain any provision restraining either party from competing with the other's product, and therefore plaintiff could have no objectively reasonable

5 - OPINION AND ORDER

expectation that defendant would not develop a competing product.

Oregon law implies a duty of good faith and fair dealing in the performance of every contract consistent with the objectively reasonable contractual expectations of the parties. See Uptown Heights Assoc. Limited Partnership v. Seafirst Corp., 320 Or. 638, 644-645, 891 P.2d 639 (1995). However, "[t]he implied obligation of good faith does not vary the substantive terms of a contract or require a party to refrain from doing what the contract expressly permits it to do." Pollock v. D.R. Horton, Inc.-Portland, 190 Or. App. 1, 12, 77 P.3d 1120 (2003). Here, I agree with defendant that plaintiff had no reasonable expectation that defendant would not compete with plaintiff.

The Supplier Agreement provides only the terms under which defendant will manufacture and guarantee bicycle and bicycle parts for purchase by plaintiff. See Supplier Agreement (attached as Exhibit 1 to defendant's Memorandum in Support of its Motion to Dismiss). The Supplier Agreement also contains an express provision stating that it "is the entire agreement between BikeE and Giant concerning the subject matter hereof" and that it "supersedes and extinguishes any other prior oral or written agreements or understandings between them." Id., p. 9. No where does the contract suggest that a non-competition clause is implied.

Therefore, even if plaintiff expected that defendant would not compete with it, such expectation was not reasonable given the

6 - OPINION AND ORDER

express terms of the Supplier Agreement, and plaintiff fails to state a claim.

2. Fraud

Defendant moves for an order requiring plaintiff to make more definite and certain its claim for fraud. Defendant maintains that plaintiff fails to plead the "who, what, when where and how of the misconduct charged." Defendant's Memorandum, p. 5.

"Under Oregon law, proof of fraud generally requires a showing that (1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance." Pollock, 190 Or. App. at 20, 77 P.3d 1120 (citation and internal quotation marks omitted).

I agree that plaintiff's amended complaint fails to plead fraud with the specificity required under Oregon law and the Federal Rules. See Fed. R. Civ. P. 9(b) ("In all averments of fraud of mistake, the circumstances constituting fraud shall be stated with particularity."). Allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" and "set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted).

7 - OPINION AND ORDER

Here, plaintiff does not allege who made the alleged misrepresentation, what precisely was stated, or when and where such statements were made. Rather, plaintiff alleges only that "defendant represented to plaintiff" that it would not compete with plaintiff's products. Amended Complaint, ¶ 18. Accordingly, plaintiff must plead its fraud claim with greater specificity.

3. Intentional Interference With Prospective Business Relations

Defendant also moves to dismiss plaintiff's claim for intentional interference with business relations. Defendant argues that plaintiff's first amended complaint does not allege that defendant's declaration of default under the Supplier Agreement and introduction of a competing product was accomplished through improper means or for an improper purpose as required by Oregon law.

To state a claim for intentional interference with a business interest, plaintiff must allege the following elements:

> (1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages.

McGanty v. Staudenraus, 321 Or. 532, 535, 901 P.2d 841 (1995). Here, however, plaintiff does not allege interference with a particular business relationship by defendant. Rather, at most

8 - OPINION AND ORDER

plaintiff alleges that defendant's declaration of default and sale of a competing product caused plaintiff's market share and value to decrease. Plaintiff does not allege that defendant interfered with any specific prospective business relationship.

Further, plaintiff alleges no tortious or otherwise improper conduct by defendant. Plaintiff alleges that defendant sought to put it out of business by declaring plaintiff in default under the Supplier Agreement for non-payment and by introducing a competing product. However, plaintiff does not allege that defendant improperly declared default, and the court has already determined that the Supplier Agreement does not prohibit competition between the parties. Therefore, the conduct alleged by plaintiff does not rise to the level of improper means.

4. Attorney Fees

In its motion, defendant represents that plaintiff has agreed to withdraw its claim for attorney fees. Having received no response from plaintiff as to this claim, the court accepts this representation.

///
///
///
///
///
///
///

9 - OPINION AND ORDER

## CONCLUSION

For the reasons given above, defendant's motions to dismiss and to make more definite and certain (doc. 11) are GRANTED. Plaintiff's claims for breach of the covenant of good faith and fair dealing, intentional interference with prospective business relations, and attorney fees are DISMISSED. Within fourteen (14) days from the date of this Order, plaintiff shall file a second amended complaint pleading the circumstances of its fraud claim with specificity, should plaintiff choose to pursue this claim. IT IS SO ORDERED.

Dated this 5 day of December, 2005.

_____
Ann Aiken
United States District Judge